IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
|  | * |  |
| **ARNAUD DIGUET ET AL.,** | * |  |
| Plaintiffs | * |  |
| v. | * | CIVIL NO.  JKB-16-533 |
| **LINDA LOUN ET AL.,** | * |  |
| Defendants | * |  |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Arnaud Diguet, Charlotte Gobin, Nicolas Guillou, Louise Aubret Lebas, and Eddy Lebas ("Plaintiffs") were the driver and passengers in a car involved in a collision on November 17, 2013.  The Plaintiffs sued Jeremy Shorten (the driver), George Green (the passenger), and Linda Loun (the owner) of the other vehicle involved, all in relation to injuries sustained in the accident.  Loun, the owner of the second vehicle involved in the collision, was not present in the car at the time.  Loun has filed a motion for summary judgment (ECF No. 7).  The motion has been briefed (ECF Nos. 8 and 15) and no hearing is required, Local Rule 105.6 (D. Md. 2016).  The motion will be denied without prejudice.

Under Maryland law, a vehicle's owner may only be held vicariously liable for the negligent actions of the vehicle's driver if the driver was acting as the owner's agent at the time of the accident.  *Toscano v. Spriggs*, 681 A.2d 61, 64 (Md. 1996).  Furthermore, there is a rebuttable presumption that the driver of a vehicle operates it as the owner's agent.  *Id.*

In support of her motion for summary judgment, Loun asserts that the driver, Jeremy Shorten, "was not acting as [her] agent, servant and/or employee at the time of the occurrence,"

and that he "was not doing anything on [her] behalf at the time of the occurrence." (ECF No. 10). Loun also denies giving Shorten permission to use her car. *Id.* Aside from these conclusory statements, however, Loun fails to provide evidence as to Shorten's and Green's purpose in using Loun's car on the date in question. Plaintiffs request discovery in order to investigate Shorten's purpose and potentially to challenge Loun's denial that he was her agent. (ECF No. 15).

Generally speaking, summary judgment is only appropriate once the parties have had sufficient opportunity to pursue discovery. *Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Baltimore*, 721 F.3d 264, 280 (4th Cir. 2013) ("*Pregnancy Concerns*"). Accordingly, if a nonmovant shows that it cannot present facts essential to justify its opposition to a motion for summary judgment, a court may, among other things, allow that party time to obtain affidavits or declarations or to take discovery. Fed. R. Civ. P. Rule 56(d). In fact, a district court "must refuse summary judgment where the nonmoving party has not had the opportunity to discover information that is essential to [its] opposition." *Pregnancy Concerns*, 721 F.3d at 280 (internal quotation marks omitted).

In light of Loun's affidavit, the Court suspects that discovery may well fail to reveal evidence that Shorten was acting as her agent at the time of the accident.[1] Nonetheless, the Court recognizes that Plaintiffs have not yet had the opportunity to discover the information necessary to demonstrate Shorten's agency. It would therefore be premature to resolve the issue of Loun's potential vicarious liability without first permitting discovery directed at any possible agency relationship between Loun and Shorten.

---

[1] The Court is likewise skeptical of Plaintiffs' argument that a car owner's vicarious liability extends to a driver who was given permission to operate the vehicle by someone who, in turn, had the owner's permission to operate it, based only on precedent that the owner's insurance coverage extends to such a person. (*See* ECF No. 15.)

Accordingly, Defendant Loun's motion for summary judgment (ECF No. 7) **IS DENIED WITHOUT PREJUDICE**, subject to renewal after discovery is complete.

DATED this 24th day of August, 2016.

BY THE COURT:

/s/
James K. Bredar
United States District Judge